## WILL FLOYD v. THE STATE.

No. 2862.   Decided December 17, 1913.

**1.—Murder—Statement of Facts—Charge of Court.**

In the absence of a statement of facts, this court must presume that the trial court charged the law, and all the law, applicable to the evidence.

**2.—Same—Evidence—Res Gestae.**

Where the testimony objected to was res gestae, there was no reversible error in admitting same.

**3.—Same—Evidence—Conduct of State's Counsel.**

Where the testimony which was excluded was in fact admissible, there was no reversible error in permitting the State's counsel to ask the question he propounded.

**4.—Same—Practice on Appeal.**

It is too late after verdict and judgment to raise the question as to the admissibility of evidence.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of murder in first degree; penalty, life imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of the offense of murder, and his punishment assessed at imprisonment in the penitentiary for life.

No statement of facts accompanies the record, consequently we can not say whether the charges requested should or should not have been given. Neither can we review those grounds in the motion complaining of the charge of the court. In the absence of a statement of facts we must and do presume that the court charged the law applicable to the evidence introduced, and all the law necessary to be given. However, there are several bills of exception in the record in regard to the introduction of testimony. As to the testimony of the witness H. Baker, under the facts as stated by the court in approving the bill, it was clearly admissible as res gestae of the transaction. As to the testimony of Dr. Howard, which was excluded by the court, we do not think the court erred in permitting the county attorney to ask the questions he propounded to this witness and other witnesses. In our opinion, if the court correctly states the facts in approving the bills, the court was in error in excluding the testimony, and the county attorney was correct in insisting that the testimony was admissible as a dying declaration, and his persistence in trying to get it admitted would not present reversible error.

Several of the other bills copied in the record the court declined to approve, stating that no such objections were made, and the testimony was admitted without objection. It may be that counsel, after the trial of the case, decided that certain testimony ought not to have been admitted, but it is too late after verdict and judgment to raise the objections.

The judgment is affirmed.

*Affirmed.*